[876 NYS2d 881]

In the Matter of ALAN H. YOUNG (Admitted as ALAN HOWARD YOUNG), an Attorney, Resignor.

Second Department, April 21, 2009

**APPEARANCES OF COUNSEL**

*Jerome Karp, P.C.*, Brooklyn, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Alan H. Young has submitted an affidavit dated November 7,

2008, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Young was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 21, 1973, under the name Alan Howard Young.

Mr. Young is aware that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts into allegations of irregularities in his attorney escrow account. He acknowledges his inability to successfully defend himself on the merits against any disciplinary charges which may be brought against him by the Grievance Committee based upon the facts and circumstances of professional conduct referred to herein and which may be brought to light in the future.

Mr. Young avers that his resignation is freely and voluntarily tendered and that he is not subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney, and he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

Mr. Young is further aware that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any person or persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Young acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Alan H. Young, admitted as Alan Howard Young, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the resignation of Alan H. Young, admitted as Alan Howard Young, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alan H. Young, admitted as Alan Howard Young, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Alan H. Young, admitted as Alan Howard Young, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alan H. Young, admitted as Alan Howard Young, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Alan H. Young, admitted as Alan Howard Young, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).